**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

LENNY MARTINEZ,

    Petitioner,

v.                                                        CASE NO. 8:14-cv-00678-JSM-EAJ

UNITED STATES OF AMERICA,                 Crim. Case No. 8:11-CR-337-T30EAJ

    Respondent.

_____/

**ORDER**

THIS CAUSE comes before the court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) filed on March 18, 2014. The Government has filed a response to the motion (CV Dkt. 3), and Petitioner has filed a reply thereto (CV Dkt. 4). Upon consideration, the Court concludes the Petition is due to be dismissed because the claims are barred by the plea waiver.

**BACKGROUND**

On June 28, 2011, a federal grand jury returned a three-count indictment charging Petitioner with conspiracy to possess five kilograms or more of cocaine with the intent to distribute it, in violation of 21 U.S.C. § 846; possessing five kilograms or more of cocaine with the intent to distribute it, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(ii); and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). CR Dkt. 1. Petitioner entered into a plea agreement with the United States, whereby he agreed to enter a plea of guilty to the conspiracy count.

CR Dkt. 53 at 1. In return, the United States agreed, among other things, to dismiss the two remaining counts of the indictment, to not charge Petitioner with committing any other federal criminal offenses known to the United States at the time of the execution of the plea agreement, to consider whether Petitioner's cooperation constituted substantial assistance warranting a sentence reduction, and to make certain favorable recommendations at sentencing. CR Dkt. 53 at 2-8.

Petitioner expressly waived his right to appeal or collaterally challenge his sentence on most grounds:

> The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal [his] sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds [his] applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

CR Dkt. 53 at 15. At the plea hearing, the magistrate judge informed Petitioner that he faced a statutory minimum penalty of ten years imprisonment. CR Dkt. 86 at 24.

In the Presentence Investigation Report ("PSR"), the United States Probation Office recommended that the Court establish Petitioner's advisory sentencing range at 135 to 168 months' imprisonment, PSR ¶¶ 23-31, 36, 75, and noted that he faced a statutory minimum sentence of ten years' imprisonment, PSR ¶ 74; *see id*. at 2.

The United States did not initially file a motion for downward departure. *See* CR Dkt. 81 at 11. At sentencing, Petitioner objected, asserting that he had "rendered

2

substantial assistance" by providing information regarding a drug offender with ties to a Mexican drug cartel and aiding local authorities with a counterfeiting operation and insisted that the United States had acted in bad faith by not filing a section 5k1.1 motion on his behalf.  CR Dkt. 81 at 6-9, 16-26.

The prosecutor responded that Petitioner's cooperation in the counterfeiting investigation had not constituted substantial assistance because authorities had not needed to rely on the information imparted by Petitioner because a separate informant had provided similar information.  CR Dkt. 81 at 27.  The prosecutor continued that, for the sentencing of his co-conspirator, Wanda Pabon, Petitioner had written a letter in which he untruthfully had denied Pabon's participation in the conspiracy offense, that Pabon had previously admitted that she had knowingly participated in the conspiracy, and that Petitioner, therefore, had nullified his cooperation.  CR Dkt. 81 at 9-11.

In response, Petitioner summoned a local law enforcement officer who testified that Petitioner had assisted in the local and federal investigation of Chinese nationals' sales of counterfeit goods.  CR Dkt. 81 at 29.  The officer testified that, by supplying information and participating in monitored phone calls, Petitioner's cooperation had resulted in undercover purchases of counterfeit goods and searches leading to the seizure of over $2 million in counterfeit items.  CR Dkt. 81 at 29-32, 36.

The United States filed a section 5k1.1 motion seeking a one-level reduction in Petitioner's offense level based upon information that he had provided that led to the undercover purchase in the counterfeiting investigation.  CR Dkts. 62; 82 at 5.  The United States did not request the Court to depart below the applicable ten-year statutory

minimum sentence. CR Dkts. 62; 82 at 7. The Court granted the section 5k1.1 motion, reduced Petitioner's offense level by two (to 108 to 135 months), and ordered Petitioner to serve 120 months' imprisonment. CR Dkt. 82 at 7.

Petitioner directly appealed his judgment to the United States Court of Appeals for the Eleventh Circuit, Appeal No. 12-14124-FF. On appeal, Petitioner attempted to challenge the government's failure to file a section 5k1.1 motion for substantial continuous cooperation on his part. However, on September 13, 2013, the Eleventh Circuit granted the government's motion and dismissed Petitioner's appeal based on the appeal waiver in his plea agreement. CR Dkt. 89 at 2.

On March 18, 2013, Martinez timely filed the instant section 2255 motion asserting three claims of ineffective assistance of counsel for relief:

1. counsel did not request application of the safety valve provision;

2. counsel failed to argue sentence disparity amongst his co-defendant, Wanda Pabon, and himself;

3. counsel failed to correct the record as to the location where the money was found.

CV Dkt. 1 at 4. In response to the petition, the Government asserts that because Petitioner waived his right to appeal, directly or collaterally, in his plea agreement, the motion should be dismissed. CV Dkt. 3 at 5-6. For reasons set forth below, the Court agrees.

## Standard of Review

Title 28 U.S.C. § 2255 sets forth the framework for reviewing a federal prisoner's sentence for any of the following four reasons: (1) the sentence was imposed in violation

of the Constitution of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to a collateral attack. 28 U.S.C. § 2255. Case law establishes that only constitutional claims, jurisdictional claims, and claims of error so fundamental as to have resulted in a complete miscarriage of justice are cognizable on collateral attack. *See United States v. Addonizio*, 442 U.S. 178, 185 (1979); *Hill v. United States*, 368 U.S. 424, 428 (1962); *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988).

It is well-settled that sentence-appeal waivers are valid if made knowingly and voluntarily. *See United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993). Guilty pleas waive all but jurisdictional claims up to the time of the plea, see *Tollett v. Henderson*, 411 U.S. 258, 266-267 (1973); *Stano v. Dugger*, 921 F.2d 1125, 1150 (11th Cir.), *cert. denied*, 502 U.S. 835 (1991), and foreclose most claims from collateral attack, *see United States v. Broce*, 488 U.S. 563, 569 (1989). This waiver includes constitutional claims. *See Wilson v. United States*, 962 F.2d 996 (11th Cir.) (double jeopardy claim waived), *cert. denied*, 498 U.S. 837 (1990). It is well-settled that sentence appeal waivers are valid if made knowingly and voluntarily. *See United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993). Finding that a "valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing" the Eleventh Circuit opined that to hold otherwise would "permit a defendant to circumvent the terms of the sentence-appeal

5

waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless." *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005).

**Discussion**

When Petitioner executed his plea agreement, he waived all but jurisdictional claims up to the time of the plea. *See Tollett v. Henderson*, 411 U.S. at 266-67. As set forth *supra*, pursuant to the plea agreement Petitioner executed, he waived his right to appeal, directly or collaterally, any factual or legal finding made by the Court in calculating the appropriate guideline range, unless the Court upwardly departed or the Government appealed. The waiver includes claims of ineffective assistance of counsel at sentencing. *See Williams*, 396 F.3d at 1342. An ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of the waiver or the plea itself. *See United States v. White*, 307 F.3d 336 (5th Cir. 2002); *United States v. Cockerham*, 237 F.3d 1179 (10th Cir. 2001).

In the plea agreement, Petitioner was placed on notice regarding the mandatory minimum and maximum terms of imprisonment for the drug charge to which he agreed to plead guilty (CR Dkt. 53 at 1-2). The Government did not file an appeal. Thus, Petitioner's waiver of his right to challenge his sentence is controlling. *See Williams*, 396 F.3d at 1342. *See also United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001).

The court specifically questioned Petitioner concerning the waiver during the Fed. R. Crim. P. 11 colloquy. In concluding the hearing, the court found that Petitioner's

6

guilty plea was "knowing, intelligent, and voluntary and that there's an independent basis and fact as to each material element." CR Dkt. 86 at 38.

The claims petitioner asserts in his § 2255 motion do not fall within the exceptions to his appeal waiver, which would have permitted him to appeal only an upward departure from his guidelines range, a sentence imposed in excess of the statutory maximum, or a sentence that violates the Eighth Amendment to the Constitution. CR Dkt. 53 at 15. *See United States v. Bushert*, 997 F.2d at 1351 (courts will enforce waivers of appeal if made knowingly and voluntarily).

A guilty plea is not "a mere gesture, a temporary and meaningless formality reversible at the defendant's whim . . . but a 'grave and solemn act,' which is 'accepted only with care and discernment." *United States v. Hyde*, 520 U.S. 670, 677 (1997). In this circuit, "[a] plea agreement is, in essence, a contract between the Government and a criminal defendant. Among the considerations that a defendant may offer as part of such a contract is waiver of his right to appeal, provided that the appeal is made knowingly and voluntarily . . . [t]he plea agreement is . . . enforceable." *United States v. Howle*, 166 F.3d 1166, 1168 (11th Cir. 1999). *See also United States v. Pease*, 240 F.3d 938 (11th Cir. 2001).

Enforcing the appeal waiver is merely holding Petitioner to the bargain he made. Petitioner has had the benefit of his bargain — the Government dismissed Count Two and Count Three of the indictment at sentencing. CR Dkt. 53 at 2. The Government is likewise entitled to the benefit of its bargain. Petitioner cannot circumvent the express language of his plea agreement merely because the outcome at sentencing was not

7

favorable to him.  *See Bushert*, 997 F.2d at 1350.  *See, e.g., United States v. Bascomb*, 451 F.3d 1292, 1296-97 (11th Cir. 2006) (dismissing appeal based on waiver, and stating "Defendants and the government alike benefit from the ability to bargain and undermining the enforceability of such bargains harms all parties that use them").  In accordance with his guilty plea and sentencing appeal waiver, Petitioner has waived his right to seek collateral relief under § 2255.

By way of explanation to Petitioner why his claims would have failed even if not barred by his plea agreement, the Court will discuss the merits of Petitioner's claims regarding ineffective assistance of counsel.

Petitioner alleges that his counsel was constitutionally ineffective as discussed above.  In order to obtain habeas corpus relief with respect to ineffective assistance of counsel, Petitioner must show both (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defense such that, but for counsel's unprofessional errors, there is a reasonable probability that the result of the proceeding would have been different.  *Strickland v. Washington*, 466 U.S. 668, 687-91 (1984).  In determining whether counsel was deficient, "a court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  *Id*. at 690.  When applying *Strickland*, the Court is free to dismiss ineffective assistance claims on either of its two grounds.  *Id*. at 697.

1. Petitioner first alleges that his counsel "failed to present correct information to the judge when asked about the safety valve opportunity."  CV Dkt. 3 at 4.

Pursuant to 18 U.S.C. § 3553(f) (the "safety valve" provision), a sentencing court may impose a sentence without regard to the statutory mandatory minimum sentence otherwise applicable to drug offenses under 21 U.S.C. §§ 841, 844, 846, 960, and 963 if the defendant meets the criteria. *See also* USSG §5C1.2. A defendant is eligible if the district court finds at sentencing, that (1) he has no more than one criminal history point; (2) he did not use violence or possess a firearm in connection with the offense; (3) the offense did not result in death or serious bodily injury; (4) he did not have an aggravating role in the offense; and, (5) "not later than the time of the sentencing hearing, [he] has truthfully provided to the government all information and evidence [he] has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." 18 U.S.C. § 3553(f); USSG §5C1.2.

Petitioner did not qualify for the safety valve provision because he did not meet two of the five criteria. Petitioner possessed a firearm in connection with his offense. PSR at ¶24. And, as discussed above, Petitioner's untruthful letter he penned for the sentencing of his co-defendant, Wanda Pabon, rendered him ineligible. Petitioner denied Pabon's participation in the conspiracy when in fact she had admitted that she knowingly participated. CR Dkt. 81 at 9-11. Thus, Petitioner did not meet satisfy the prerequisites for the safety valve provision.

2. Petitioner also alleges that his counsel failed to argue sentencing disparity between the sentence received by his co-defendant, Wanda Pabon, and his own. CV Dkt. 1 at 4. Title 18 U.S.C. § 3553(a)(6) provides that in imposing sentence the court shall consider the need to avoid unwarranted sentence disparities among defendants with

similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(6); *United States v. Docampo*, 573 F.3d 1091, 1102 (11th Cir. 2009).

The disparity in the convictions is substantial because of the amount of cocaine in each case — Pabon was convicted of conspiracy to distribute 500 grams, whereas Petitioner was convicted of conspiracy to distribute over five kilograms. CR Dkts. 37 at 1; 53 at 1. Additionally, Pabon qualified for the safety valve provision and therefore was not subject to a mandatory minimum sentence. Since their conduct was markedly different, there would have been no merit to an argument of sentence disparity under 18 U.S.C. § 3553(a)(6). Counsel is not ineffective by not making a meritless argument.

3.  Finally, Petitioner alleges that when counsel was asked about the location of the money at the scene of arrest, counsel stated it "was in the bedroom closet." Petitioner argues this was false and that the money was "in [the] downstairs safe and the judge did not look at the facts from the report." CV Dkt. 1 at 4.

Petitioner agreed to the following factual basis, as it related to the money, in his plea agreement:

> As agents approached the front of the residence, they observed Pabon, Perez, and Christal Martinez preparing to exit from the back yard. Each of the females were observed carrying several items of evidentiary value to include a money counter, two black safes and an expandable mesh laundry bag containing a quantity of cocaine, marijuana, and digital scales.
>
> As each of the three females were attempting to remove evidence from the defendant's residence, agents contacted, secured, and handcuffed each female. Wanda Pabon and the other two females were found in possession of approximately one kilogram of cocaine. The total amount of money found in the two safes equaled $132,690.00. One of the digital scales recovered from the three females had cocaine residue on it.

10

The record established that the money was discovered inside the two safes being carried off by the three females leaving Martinez's residence at the time law enforcement arrived. CR Dkt. 86 at 36. This discrepancy is inconsequential because the Court relied on the facts as presented in Petitioner's plea agreement and the location of the money was irrelevant to the outcome at sentencing.

## CONCLUSION

It is therefore ORDERED AND ADJUDGED that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. 1) is DISMISSED.

2. The Clerk is to enter judgment dismissing the Petition with prejudice, terminate any pending motions, and close this case.

3. The Clerk is directed to terminate from pending status the motion to vacate found at CR Dkt. 91, in the underlying criminal case, case number 8:11-CR-337-T30EAJ.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a

constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE** AND **ORDERED** in Tampa on this 2nd day of July, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**

Counsel/Parties of Record